UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

      *Plaintiff*,

  v.

FEDERAL BUREAU OF INVESTIGATION,

      *Defendant*.

No. 25-cv-03920 (DLF)

## STANDARD ORDER FOR CIVIL CASES

This Standard Order applies to all cases assigned to the Civil Calendar of Judge Dabney L. Friedrich. To administer this civil action fairly and in a manner that is consistent with the litigants' general interest in completing this litigation efficiently, it is

**ORDERED** that all counsel and pro se litigants[1] ("counsel") must be familiar with both the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia.[2] It is further

**ORDERED** that all counsel must comply with this Standard Order, including the attached Appendix. The Court will hold the parties and counsel responsible for following these directives; failure to conform to this Order **may, when appropriate, result in the imposition of sanctions**.

 

DABNEY L. FRIEDRICH
United States District Judge

November 13, 2025

---

[1] Assistance for pro se litigants is available at https://www.dcd.uscourts.gov/pro-se-help.
[2] The Local Civil Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

**APPENDIX TO STANDARD ORDER**

1. **COMMUNICATIONS WITH THE COURT**

    (a) <u>Form</u>.  Communications with the Court should be in writing and only by written motion, opposition, and reply—not by letter or email.  *Ex parte* communication with Judge Friedrich (either directly or through her law clerks) is inappropriate.

    (b) <u>Status or Scheduling Inquiries</u>.  Oral inquiries concerning the status or scheduling of any pending matter are disfavored.  If counsel nevertheless needs to make such an oral inquiry, it shall be directed to the Courtroom Deputy, Ms. Samantha Calloway, at (202)354-3163.  If Ms. Calloway is unavailable, the inquiry shall be made to his designated substitute in the Clerk's Office.  Counsel shall follow Ms. Calloway's (or her substitute's) instructions.  In an **actual emergency**, parties may contact Chambers at (202) 354-3400.

    (c) <u>Assistance with CM/ECF</u>.  Chambers cannot assist with questions about CM/ECF.  Such inquiries should be made to the CM/ECF Help Line at (202) 354-3190.

2. **HEARINGS**

    (a) <u>Hearings and Conferences</u>.  All courtroom proceedings ordinarily will happen in Courtroom 14 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave., NW, Washington, DC  20001.

    (b) <u>Rescheduling Hearings</u>.

        i)    Requests to reschedule hearings are discouraged.

        ii)   If the Court is closed or experiences a delayed opening, the Courtroom Deputy will reschedule any hearings as necessary.

3. **FILING GUIDELINES**

    (a) <u>Service of the Complaint</u>.  If the plaintiff fails to serve properly a copy of the complaint as Federal Rule of Civil Procedure 4 prescribes, the Court may dismiss the action.

    (b) <u>Amended Pleadings</u>.  Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

 (c) <u>Electronic Case Filing (ECF)</u>.

  i) Except as otherwise provided in LCvR 5.4, all filings must be made through the Court's CM/ECF system.

  ii) A *pro se* party may obtain a CM/ECF password from the Clerk with leave of Court. To obtain leave of Court, the *pro se* party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive the filings of other parties electronically on a regular basis, and certifying that he or she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts.

  iii) Instructions for filing sealed documents in non-sealed cases are available at http://dcd-dev.jdc.ao.dcn/sites/dcd/files/AttySealedCivilREVMay2014.pdf.

 (d) <u>Courtesy Copies</u>. Counsel **shall provide Chambers, not the Clerk's Office**, with a printed courtesy copy, with ECF headers, of any electronic submission that, along with exhibits, **numbers one hundred (100) pages or more in total length**. Such courtesy copies shall be in binders, three-hole punched, with double-sided pages. Exhibits shall be tabbed. The Court otherwise does not accept courtesy copies; the Court will contact the filing party if a courtesy copy of any particular submission is required.

4. **DISCOVERY**

 (a) <u>Discovery Material</u>. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

 (b) <u>Discovery Disputes</u>. Counsel are referred to LCvR 26.2 and are expected to comply fully with its directives. Before bringing a discovery dispute to the Court's attention, the parties shall confer in good faith in an attempt to resolve the dispute informally. *See* Fed. R. Civ. P. 26(c), 37; LCvR 7(m). If the parties are unable to resolve the dispute informally, they shall jointly email the Court (at Friedrich_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues. **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

5.  **MOTIONS AND STIPULATIONS**

   <u>Motions Generally</u>.  Counsel must comply with the following instructions when briefing any motion; failure to follow these instructions may result in *sua sponte* denial of the motion:

   (a)  <u>Duty to Confer on Nondispositive Motions</u>.  The Court will summarily deny motions that are subject to LCvR 7(m) but do not contain the requisite statement.

   (b)  <u>Rule 12(d): Matters Outside the Pleadings</u>

       i)  The parties are reminded that a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) presenting matters outside the pleadings will be converted to a motion for summary judgment if the Court does not exclude those matters.  Fed. R. Civ. P. 12(d).

       ii)  If such a motion presents matters outside the pleadings, all parties must comply fully will the instructions set forth below regarding motions for summary judgment.

   (c)  <u>Motions for Summary Judgment—Cases Involving Judicial Review of Agency Action</u>

       i)  In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record.  The parties must furnish precise citations to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified.  *See* Fed. R. Civ.. P. 56(c)(3).

       ii)  In accordance with Local Civil Rule 7(n), the parties shall provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment.

   (d)  <u>Motions for Summary Judgment—All Other Cases</u>

       i)  Every motion for summary judgment and opposition to such motion must comply with LCvR 7(h), which requires that each party submitting a motion for summary judgment **attach a statement of material facts for which that party contends there is no genuine dispute**, with specific citations to those portions of the record upon which the party relies in fashioning the statement.  The party opposing the motion must, in turn, **submit a statement**

4

        **enumerating all material facts that the party contends are genuinely disputed** and thus require trial. LCvR 7(h)(1). The parties are strongly encouraged to review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of LCvR 7(h).

    ii)    The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**.

    iii)    The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.

    iv)    If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts. **If such additional factual allegations are made, the movant must file a responsive statement of its own with its reply brief**.

    v)    If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, **the Court may treat as conceded any facts asserted in the movant's statement of facts**.

    vi)    The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

(e)    <u>Motions for Reconsideration</u>. Motions for reconsideration of prior rulings are discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), 59(e), and/or 60(b) are met. Any such motion **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain (a) motions that simply reassert arguments the party previously raised and the Court rejected, or (b) arguments that a party could have raised previously but now raises for the first time.

(f)    <u>Stipulations and Joint Motions for Protective Orders</u>.

    i)    If the parties desire for this Court to sign any stipulation or enter an order approving it, they must file a motion making that request. The motion must explain why cause exists for the Court to approve

5

        the stipulation, and the parties must submit the text of the proposed stipulation as an attachment to the motion.

    ii) Joint motions to approve stipulated protective orders must contain a statement of good cause. *See* Fed. R. Civ. P. 26(c); *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 23 (D.D.C. 2007).

6. **ALTERNATIVE DISPUTE RESOLUTION**

    (a) Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time. This includes a referral to the Circuit Executive's Office or to a Magistrate Judge. The parties shall only request mediation, neutral evaluation, or referral to the Circuit Executive's Office or to a Magistrate Judge if all parties agree to such an assignment.

7. **SETTLEMENT**

    (a) <u>Notification of Settlement</u>. If the case settles in whole or in part, Plaintiff shall promptly notify the Court of the settlement.

*  *  *