UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 25-3920 (DLF) |

## **ANSWER**

Defendant, the Federal Bureau of Investigation ("Defendant" or "FBI"), by and through undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff Human Rights Defense Center in this Freedom of Information Act ("FOIA") case. Any allegations, including the relief requested, not specifically admitted or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents in response, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

The unnumbered paragraph at the beginning of the Complaint consists of Plaintiff's characterization of the present action, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under FOIA.

## Introduction[1]

1. The allegations contained in Paragraph 1 consist of Plaintiff's characterization of their Complaint and legal conclusions to which no response is required. To the extent a response is required, Defendant only admits that Plaintiff submitted a written request under FOIA to Defendant, and the requested records concern FOIA litigation payments made by Defendant over the past decade to resolve FOIA claims against the Defendant.

## Parties, Jurisdiction, Venue

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2.

3. Defendant admits it is headquartered in Washington, D.C., and is a component of the Department of Justice, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and subject to the requirements of the FOIA. The remaining allegations in paragraph 3 consist of conclusions of law, to which no response is required.

4. The allegations in paragraph 4 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

5. The allegations in paragraph 5 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant only admits that this Court has venue subject to the terms and limitations of FOIA.

---

[1] For ease of reference, Defendant refers to the headings and titles in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**FACTUAL BACKGROUND**

6. The allegations in paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within the paragraph.

7. The allegations in paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within the paragraph.

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

9. The allegations in paragraph 9 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within the paragraph.

10. The allegations in paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within the paragraph.

**The FOIA Request to the FBI – Request No. NFP-162823**

11. Defendant admits that the FBI received a FOIA request from Plaintiff, dated July 10, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully

refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

12. The allegations in paragraph 12 consist of conclusions of law regarding the waiver of fees to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff requested a waiver of duplication costs in its FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

13. The allegations in paragraph 13 consist of conclusions of law to which no response is required; to the extent a response is deemed required, Defendant denies the allegation in paragraph 13.

14. Paragraph 14 consists of Plaintiff's quotation from and characterization of the U.S. Department of Justice, 2024 Freedom of Information Act Litigation and Compliance Report ("2024 FOIA Litigation and Compliance Report"), not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendant avers that the source is the best evidence of its contents, respectfully refers the Court to the source for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

15. Paragraph 15 consists of Plaintiff's characterization of the 2024 FOIA Litigation and Compliance Report, not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendant avers that the source is the best evidence of its contents, respectfully refers the Court to the source for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16.

17. The allegations in paragraph 17 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

18. Defendant admits that the FBI sent Plaintiff a letter dated July 16, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

19. Defendant admits Plaintiff submitted an administrative appeal to Department of Justice Office of Information Policy ("OIP") via letter dated August 2, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

20. Defendant admits that the Department of Justice sent Plaintiff a letter dated August 2, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

21. Defendant admits that the Department of Justice sent Plaintiff a letter dated November 25, 2024 which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

22. Defendant admits the allegations in paragraph 22.

## CAUSE OF ACTION
### Violation of 5 U.S.C. § 522(a)(3) [*sic*]
### Failure to Make a Reasonable Effort to Search for and Release Records

Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

23. The allegations in paragraph 23 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations except to admit that on the language of the request, it maintains possession, custody, and control over some records which may be relevant to Plaintiff's request.

24. The allegations in paragraph 24 consist of conclusions of law to which no response is required.

25. The allegations in paragraph 25 consist of conclusions of law to which no response is required.

26. The allegations in paragraph 26 consist of conclusions of law to which no response is required.

### Requested Relief

The remainder of the Complaint consists of Plaintiff's requested relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

### FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

### SIXTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA because the request fails to reasonably describe the records sought and presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

### SEVENTH DEFENSE

Plaintiff is not entitled to the injunctive relief requested, and there is no provision of FOIA for obtaining declaratory relief.

## EIGHTH DEFENSE

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

Dated: January 14, 2026                              Respectfully submitted,

                                                     JEANINE FERRIS PIRRO
                                                     United States Attorney

                                       By:     _/s/ William Thanhauser_
                                                      William Thanhauser
                                                      D.C. Bar No. 1737034
                                                      Assistant United States Attorney
                                                      601 D Street, N.W.
                                                      Washington, D.C. 20530
                                                      (202) 252-7706
                                                      William.Thanhauser@usdoj.gov

                                                     _Attorneys for the United States of America_